UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE PENA,

                              Plaintiff,

                                                        9:04-CV-0589
v.                                                      (FJS/GHL)

WARREN BARKLEY,

                              Defendant.

_____

APPEARANCES:                                  OF COUNSEL:

JOSE PENA, 02-R-6289
  Plaintiff, *Pro Se*
Oneida Correctional Facility
P.O. Box 4580
Rome, NY 13442

HON. ELIOT L. SPITZER                         MARIA MORAN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
  Counsel for Defendant
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

GEORGE H. LOWE, United States Magistrate Judge[1]

## REPORT-RECOMMENDATION

       This action has been referred to me for Report and Recommendation by the Honorable

Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to Local Rule 72.3(c) and

28 U.S.C. § 636(b).  Plaintiff Jose Pena ("Plaintiff"), while an inmate at Bare Hill Correctional

Facility, commenced this *pro se* action against Warren Barkley, Superintendent of Cape Vincent

_____

       [1]       I would like to thank my intern, Francesco P. Trapani, currently a second-year law
student at Syracuse University College of Law, who assisted in the researching and writing of
this Report-Recommendation.

Correctional Facility ("Defendant"), pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1.)  Currently

before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and

Plaintiff's cross-motion to amend his Complaint.  (Dkt. Nos. 18, 20.)  For the reasons that

follow, I recommend that Defendant's motion be granted in part and denied in part, and that

Plaintiff's cross-motion be granted in part and denied in part.

## I.    BACKGROUND

Liberally construed, Plaintiff's *pro se* civil rights Complaint (Dkt. No. 1) alleges as

follows.

On or before November 24, 2003, Plaintiff was incarcerated at Cape Vincent Correctional

Facility ("Cape Vincent C.F.").[2]  On November 24, 2003, he was charged with possession of

drugs (in violation of Facility Rule 113.25) by C.O. B. MacKenzie and Sgt. Bresett.[3]  He was

served with a written misbehavior report containing these charges on November 25, 2003.[4]  At

that time, he was placed in a Special Housing Unit ("SHU").[5]  Plaintiff's disciplinary hearing,

which was conducted by Captain Crawford, commenced on November 26, 2003, and concluded

on December 5, 2003.[6]  Plaintiff was convicted of the aforementioned disciplinary charge, and he

was sentenced to 90 days in SHU, and six months loss of good-time credits and packages,

---

[2]    (Dkt. No. 1 at ¶ 6 and Attachment [Plf.'s Compl.].)

[3]    (*Id*.)

[4]    (*Id*.)

[5]    (*Id*.)

[6]    (*Id*.)

telephone and commissary privileges.[7]  Plaintiff was convicted despite the fact that, during a pre-hearing investigation of the charges, no drugs were found on his person, in his prison cell, or in his system.[8]  On or about December 15, 2003, Plaintiff was transferred to Gouverneur C.F.[9]  At some point after his disciplinary conviction, Plaintiff filed a grievance or appeal regarding the conviction.[10]  The grievance or appeal was denied, and that denial was affirmed one or more times upon administrative review; among the persons who played a role in the denial of Plaintiff's grievance was Defendant (the Superintendent of Cape Vincent C.F.).[11]

Based on the above-stated factual allegations, Plaintiff's Complaint (again, liberally construed) asserts two causes of action.  First, Plaintiff's Complaint asserts that, because the false charges brought against Plaintiff violated a New York State Department of Correctional Services' regulation (i.e., 7 N.Y.C.R.R. § 254), Plaintiff's rights were violated under the Due Process Clause of the Fourteenth Amendment.[12]  Second, Plaintiff's Complaint asserts that the punishment he received as a result of the false charges and unjustified disciplinary conviction violated his right to be free of "cruel and unusual punishment" under the Eighth Amendment.[13]  As a remedy for these alleged violations, Plaintiff requests that the Court (1) "nullify the decision

---

[7]        (*Id.*)

[8]        (*Id.*)

[9]        (*Id.*)

[10]       (*Id.* at ¶ 4.)

[11]       (*Id.*)

[12]       (*Id.* at ¶ 7.)

[13]       (*Id.*)

[against him] and restore . . . [to him] whatever [good-time credits he] had . . . [before the]

misapplication . . . [of] the disciplinary rules", (2) "compensate[] [him] for the loss that [he]

incurred whil[e] being subject to this type of unlawful conduct", and (3) "notify the prison

authorities that there is to be no retaliation [against Plaintiff] because of this [legal] action."[14]

     Defendant has moved to dismiss Plaintiff's Complaint based on four grounds: (1)

Plaintiff has alleged no facts indicating that Defendant Berkley was personally involved in the

alleged violation of his rights;[15] (2) Plaintiff's allegation that his disciplinary penalty violated 7

N.Y.C.R.R. § 254 fails as a matter of law because "42 U.S.C. § 1983 only provides a remedy

when the plaintiff demonstrates a violation of a right protected by the federal Constitution or by a

federal statute other than § 1983";[16] (3) Plaintiff's Eight Amendment claim fails as a matter of

law because he has not established that the penalty imposed on him as a result of his disciplinary

conviction constituted "cruel and unusual punishment";[17] and (4) Plaintiff's claims are barred by

the principles set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), and

*Edwards v. Balisok*, 520 U.S. 641 (1997).[18]

     In Plaintiff's response to Defendant's motion, Plaintiff does not contest any of

Defendant's arguments.[19]  Rather, Plaintiff argues that, due to his inexperience as a *pro se*

---

[14]    (*Id*. at ¶ 9.)

[15]    (Dkt. No. 18 at 2-3 [Def.'s Mem of Law].)

[16]    (*Id*. at 3-4.)

[17]    (*Id*. at 4-5.)

[18]    (*Id*. at 5-6.)

[19]    (Dkt. No. 20.)

litigant, he mistakenly sued Defendant Barkley, believing he had to sue the superintendent of the

correctional facility in order to initiate and/or maintain the action.[20]  As a result, Plaintiff requests

that the Court (1) permit him to "voluntarily dismiss[]" his Complaint, as he puts it, and (2) grant

him an opportunity to amend his Complaint so he can name and serve the proper defendants.[21]  I

note, of course, that these two requests are conflicting (since one cannot "amend" an action that

has already been voluntarily dismissed).  Because of Plaintiff's special status as a *pro se* civil

rights litigant, and because of the statute-of-limitations issue that *might* result from a dismissal of

Plaintiff's Complaint at this point in time (i.e., approximately three years after the events at

issue), I resolve this conflict between Plaintiff's two requests by liberally construing Plaintiff's

requests as constituting a "cross-motion for leave to file an amended complaint" (which

Amended Complaint, Plaintiff recognizes, will supersede his original Complaint in all

respects).[22]

## II.    RELEVANT LEGAL STANDARD

### A.    Motion to Dismiss

A defendant may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

12(b)(6).  To prevail on a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon

which relief can be granted," a defendant must show "beyond doubt that the plaintiff can prove

---

[20]      (*Id.*)

[21]      (*Id.*)

[22]      (Dkt. No. 20 [Plf.'s Cross-Motion, stating, "[P]laintiff is . . . aware of L.R.
7.1(a)(4) . . . ."].)

no set of facts in support of his claim [that] would entitle him to relief,"[23] or the defendant must show that the plaintiff's claim "fails as a matter of law."[24]  Thus, a defendant may base a Rule 12(b)(6) motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2);[25] or (2) a challenge to the legal cognizability of the claim.[26]

---

[23]     *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) [citations omitted]; *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") [internal quotations and citation omitted].

[24]     *Phelps v. Kapnolis*, 308 F.3d 180, 187 (2d Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 108, n.16 [1976].)

[25]     *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[26]     *See Swierkiewicz* 534 U.S. at 514 ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . .  In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2) does not require a pleading to state the elements of a prima facie case,[27] it does require the pleading to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[28] The purpose of this rule is to "facilitate a proper decision on the merits."[29] A complaint that fails to comply with this rule "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[30]

The Supreme Court has characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has rejected judicially established pleading requirements that

---

under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

[27]   *See Swierkiewicz*, 534 U.S. at 511-512, 515.

[28]   *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley*, 355 U.S. at 47); *see also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47).

[29]   *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Conley*, 355 U.S. at 48).

[30]   *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion). Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See*, *e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

exceed this liberal requirement.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-514 (2002)

(noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited

exceptions [including] averments of fraud or mistake.").  However, even this liberal notice

pleading standard "has its limits."[31]

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor."[32]  "This standard is applied with even greater force where the plaintiff alleges

civil rights violations or where the complaint is submitted *pro se*."[33]  Indeed, "courts must

construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they

_____

[31]    2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003); *see*, *e.g.*, *Dura Pharmaceuticals*, 125 S. Ct. at 1634-1635 (pleading did not meet Rule 8[a][2]'s liberal requirement), *accord*, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).  Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*.  *See*, *e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]).  Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit interpreting Rule 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[32]    *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

[33]    *Hernandez*, 18 F.3d at 136 [citation omitted]; *see also Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

suggest."[34]

**B.     Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires."[35]  While Rule 15(a) of the Federal Rules of Civil Procedure generally governs the amendment of complaints, in the case of proposed amendments that seek to add new defendants, the Court must look also to Rule 21.[36]  Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just."[37]  Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable."[38]  Finally, addition of parties under Rule 21 is governed by the same liberal standard as the standard that governs a motion to amend under Rule 15.[39]

The practical impact of these two rules on the current action is that, when addressing a *pro se* civil rights complaint, generally a district court "should not dismiss without granting leave

---

[34]     *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) (internal quotation and citation omitted).

[35]     Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).

[36]     *U.S. v. Chilstead Building Co.*, 96-CV-0641, 1997 U.S. Dist. LEXIS 18134, at *2 (N.D.N.Y.  Nov. 7, 1997) (McAvoy, C.J.) [citations omitted].

[37]     Fed. R. Civ. P. 21; *Chilstead,* 1997 U.S. Dist. LEXIS 18134, at *2.

[38]     *U.S. v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations omitted).

[39]     *Chilstead,* 1997 U.S. Dist. LEXIS 18134, at *2; *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)

to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated."[40]  Accordingly, a *pro se* civil rights plaintiff's first motion to amend

generally should be granted except when "the problem with [plaintiff's] causes of action is

substantive" such that "[b]etter pleading will not cure it."[41]

## III.   ANALYSIS

### A.   Lack of Personal Involvement

Defendant has moved to dismiss Plaintiff's Complaint on the ground that Plaintiff has

failed to allege how Defendant was personally involved in the alleged constitutional

deprivations.[42]  Plaintiff has failed to respond to that argument in his response papers.[43]  I find

that Defendant's argument is facially meritorious.[44]  Therefore, I find that, by failing to respond

---

[40]      *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and
citation omitted).

[41]      *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation
omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of
course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint
should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice)
[citation omitted].

[42]      (Dkt. No.18, Part 2, at 2-3 [Def.'s Mem. of Law].)

[43]      (*See generally* Dkt. No. 21 [Plf.'s Response Papers].)

[44]      A review of whether a movant has met its "burden to demonstrate entitlement" to
dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested
motion to dismiss.  *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258,
*7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under
Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially
meritorious*") [emphasis added] [citations omitted]; *Race Safe Sys. v. Indy Racing League*, 251 F.
Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (reviewing whether record contradicted defendant's
arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to
dismiss, under Local Rule 7.1[b][3]); *see also Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S.
Dist. LEXIS 16345, *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule

to Defendant's argument, Plaintiff has "consented" to that argument under Local Rule of Practice

7.1(b)(3).[45]  As a result, I find that Plaintiff's claims may and should be dismissed merely on

procedural grounds.

Even if I were to reach the merits of Defendant's lack-of-personal-involvement argument,

I would reach the conclusion that his argument has merit.  Supervisory officials (such as

correctional facility superintendents) are personally involved in a constitutional violation only if

(1) they directly participated in that violation, (2) they failed to remedy that violation after

learning of it through a report or appeal, (3) they created, or allowed to continue, a policy or

custom under which the violation occurred, (4) they were grossly negligent in managing

subordinates who caused the violation, or (5) they exhibited deliberate indifference to the rights

---

7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to
dismiss *and* the reasons set forth in defendants' motion papers*), adopted by* 1997 U.S. Dist.
LEXIS 16340, *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent
Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, *3 (N.D.N.Y. Aug. 27, 1996) (Hurd,
M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[45]     *See Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31
(N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to
oppose several arguments by defendants in their motion for summary judgment as consent by
plaintiff to the granting of summary judgment for defendants with regard to the claims that the
arguments regarded, under Local Rule 7.1[b][3]); N.D.N.Y. L. R. 7.1(b)(3) ("Where a properly
filed motion is unopposed and the Court determines that the moving party has met its burden to
demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or
serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the
motion, as the case may be, unless good cause is shown."); N.D.N.Y. L.R. 7.1(a) (requiring
opposition to motion for summary judgment to contain, *inter alia*, a memorandum of law); *cf.*
Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided
in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse
party's pleading, but the adverse party's *response* . . . must set forth specific facts showing that
there is a genuine issue for trial.  If the adverse party does not so *respond*, summary judgment, if
appropriate, shall be entered against the adverse party.") [emphasis added].

11

of inmates by failing to act on information indicating that the violation was occurring.[46]  Here, Plaintiff's Complaint is devoid of any factual allegations indicating that Defendant was personally involved in the alleged violations of Plaintiff's rights.[47]

However, the more pertinent question before the Court is not whether Plaintiff's Complaint should be dismissed but whether that dismissal should be with or without prejudice (or whether the dismissal should be conditioned on Plaintiff's failure to file an Amended Complaint that does allege the personal involvement of the proper defendants within a reasonable time period).  As stated above in Part II of this Report-Recommendation, the answer to this question depends on whether the problems with Plaintiff's claims are "substantive" such that better pleading will not cure them, or whether those problems are merely formal.

After carefully examining Plaintiff's Complaint and his cross-motion to amend his Complaint, I find that his failure to state factual allegations indicating that Defendant Barkley was personally involved in the alleged violations of Plaintiff's rights was a substantive problem, not a formal one.  Specifically, I cannot conceive of circumstances (consistent with the factual allegations of Plaintiff's Complaint) under which Defendant Barkley could have been personally involved in the alleged constitutional violations.  However, given Plaintiff's special status as a <u>pro se</u> civil rights litigant, I cannot, at this point in time, reach the same conclusion with regard to C.O. B. MacKenzie, Sgt. Bresett, and Captain Crawford, who allegedly issued the referenced misbehavior report and conducted the referenced disciplinary hearing.  Accordingly, I cannot

---

[46]    *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (adding fifth prong); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (adding fifth prong); *Williams v. Smith*, 781 F.2d 319, 323-324 (2d Cir. 1986) (setting forth four prongs).

[47]    (*See generally* Dkt. No. 1 [Plf.'s Compl.].)

conclude that Plaintiff's failure to name those three individuals in the caption and "Parties" section of his Complaint was a substantive deficiency, and not merely a formal one.[48]

As a result, I recommend as follows: (1) Plaintiff's claims against Defendant Barkley should be dismissed due to Plaintiff's failure to allege facts indicating that Defendant Barkley was personally involved in the alleged constitutional violations; and (2) because of the possible statute of limitations issue present in this action (which was mentioned above in Part I of this Report-Recommendation), before Plaintiff's original Complaint is dismissed, Plaintiff should be granted a reasonable period of time in which to file an Amended Complaint naming as defendants in this action C.O. B. MacKenzie, Sgt. Bresett, and/or Captain Crawford.

I note that this Recommendation is in no way meant to indicate to those three potential defendants that the Court would not entertain a motion by them (if they choose to file one after service of Plaintiff's Amended Complaint) to dismiss Plaintiff's Amended Complaint based on an argument perhaps, among others, that Plaintiff's claims against them are barred by the relevant statute(s) of limitation in that those claims do not "relate back" to the date of Plaintiff's original Complaint under Rule 15(c) of the Federal Rules of Civil Procedure.

---

[48]     *See, e.g., Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 37 (2d Cir. 1996) (granting *pro se* litigant in Section 1983 action leave to amend his original complaint because he believed that suing the correctional facility, rather than the corrections officers directly responsible for his action, would suffice); *Blaskiewicz v. County of Suffolk*, 29 F. Supp.2d 134, 140 (2d Cir. 1998) (granting *pro se* plaintiff leave to amend his original complaint where he failed to name the individual corrections officers responsible for his allegations).

**B.      Plaintiff's First Cause of Action**

Defendant has also moved to dismiss Plaintiff's Complaint on the ground that Plaintiff

has failed to allege a violation of a right protected by federal statute or the federal Constitution.[49]

Plaintiff has failed to respond to that argument in his response papers.[50]  I find that Defendant's

argument is facially meritorious.[51]  Therefore, I find that, by failing to respond to Defendant's

argument, Plaintiff has "consented" to that argument under Local Rule of Practice 7.1(b)(3).[52]

As a result, I find that Plaintiff's claims may and should be dismissed merely on procedural

grounds.

Even if I were to reach the merits of Defendant's argument, I would reach the conclusion

that his argument has merit.  Section 1983 provides, in pertinent part, "Every person who . . .

subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the*

*Constitution and laws*, shall be liable to the party injured . . . ."  42 U.S.C. § 1983 [emphasis

added].  The term "the Constitution and laws" refers to the United States Constitution and

*federal* laws.[53]  A violation of a state law or regulation, *in and of itself*, does not give rise to

---

[49]      (Dkt. No.18, Part 2, at p. 4 [Def.'s Mem. of Law].)

[50]      (*See generally* Dkt. No. 21 [Plf.'s Response Papers].)

[51]      *See*, *supra*, note 44 of this Report-Recommendation.

[52]      *See*, *supra*, note 45 of this Report-Recommendation.

[53]      *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983 make plain two elements that are necessary for recovery.  First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' *of the United States*.") [emphasis added]; *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985) ("Recovery under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the

liability under 42 U.S.C. § 1983.[54]

Having said that, it is true that a state may, *under certain circumstances*, create a liberty interest protected by the Fourteenth Amendment's Due Process Clause through its enactment of certain statutory or regulatory measures.  At one point, the Supreme Court held that a state created such a liberty interest if it repeatedly used explicit language of an unmistakably mandatory character in connection with requiring specific substantive predicates.[55]  However, that rule created a perverse incentive (1) for inmates to "comb" state regulations for mandatory language upon which to base claims of entitlements, (2) for courts to draw negative inferences from mandatory language in state regulations, and to involve themselves in the day-to-day management of prisons, and (3) for states to not codify prison management procedures, or to confer on correctional personnel "standardless discretion."[56]  As a result, the Supreme Court

---

plaintiff a constitutional or *federal* statutory right. . . .") (citation omitted; emphasis added); *Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994) ("The initial inquiry in a § 1983 action is whether the Plaintiff has been deprived of a right 'secured by the Constitution and laws' *of the United States*.") [emphasis added].

[54]     *See Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson*, 761 F.2d at 891 ("[A] state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983 . . . .") [citation omitted]; *Murray v. Michael*, 03-CV-1434, 2005 WL 2204985, at *10 (N.D.N.Y. Sept. 7, 2005) (DiBianco, M.J.) ("[A]ny violations of state regulations governing the procedures for disciplinary hearings . . . do not rise to the level of constitutional violations.") [citation omitted]; *Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) ("[V]iolations of state law procedural requirements do not alone constitute a deprivation of due process since '[f]ederal constitutional standards rather than state law define the requirements of procedural due process.'") (citing *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 [2d Cir. 1990]).

[55]     *Hewitt v. Helms*, 459 U.S. 460, 466-472 (1983).

[56]     *Sandlin v. Connor*, 515 U.S. 472, 477-484 (1995).

changed the rule, shifting the courts' focus from the language of a particular state law or regulation to the nature of the deprivation. *Sandlin v. Connor*, 515 U.S. 472, 483-484 (1995).[57] Specifically, in 1995, the Supreme Court held in *Sandlin v. Connor* that, while states may still under certain circumstances create a liberty interest protected by the Fourteenth Amendment's Due Process Clause, such an interest "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandlin*, 515 U.S. at 483-484.

Here, Plaintiff's first cause of action alleges simply that the false charges against him and the subsequent punishment imposed violated a New York State Department of Correctional Services regulation (i.e., 7 N.Y.C.R.R. § 254).[58] I acknowledge that this regulation indeed contains several provisions outlining the procedures to be followed with respect to a prisoner's disciplinary hearing. For example, these provisions provide as follows: (1) "[t]he person appointed to conduct the superintendent's hearing shall be either the superintendent . . . or commissioner's hearing officer employed by the department's central office . . .";[59] (2) "[a] non-English speaking inmate who cannot read and understand English must be given a translated notice of the charges and statements of evidence relied upon and reasons for actions taken, and

---

[57]   *See also Blouin v. Spitzer*, 356 F.3d 348, 362-363 (2d Cir. 2004) (recognizing abrogation or modification of prior rule which focused on language of state regulation), *accord*, *Anderson v. Recore*, 317 F.3d 194, 198-200 (2d Cir. 2003), *accord*, *Watson v. City of N.Y.*, 92 F.3d 31, 37-38 (2d Cir. 1996), *accord*, *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996).

[58]   (Dkt. No. 1 at ¶ 7 [Plf.'s Compl].)

[59]   (7 N.Y.C.R.R. § 254.1.)

16

[be] provided with a translator who shall be present at the hearing . . .";[60] (3) "[t]he formal charge shall consist of the misbehavior report . . .";[61] (4) "[t]he inmate shall be provided with an assistant . . .";[62] (5) "[t]he inmate may call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals";[63] (6) "[u]pon receipt of a misbehavior report from the review officer, the hearing officer shall commence the Superintendent's hearing [in the method described by Section 254.6]";[64] (7) "[t]he hearing officer may impose one or more of the . . . penalties [described in Section 254.7]";[65] (8) "[a]ny inmate shall have the right to appeal the disposition of any superintendent's hearing, to which he was a party, to the commissioner within 30 days of receipt of the disposition";[66] and (9) "[a]t any time during which a penalty imposed pursuant to a superintendent's hearing is in effect, the superintendent may reduce the penalty."[67]

However, even if I were to assume that a violation of 7 N.Y.C.R.R. §§ 254.1-254.9 gives rise to a due process violation, Plaintiff's Complaint is devoid of any facts indicating that Defendant Barkley committed such a violation, nor can I imagine any such facts consistent with

---

[60]   (*Id.* at. § 254.2.)

[61]   (*Id.* at. § 254.3.)

[62]   (*Id.* at. § 254.4.)

[63]   (*Id.* at. § 254.5.)

[64]   (*Id.* at. § 254.6.)

[65]   (*Id.* at. § 254.7.)

[66]   (*Id.* at. § 254.8.)

[67]   (*Id.* at. § 254.9.)

the allegations of Plaintiff's Complaint.  <u>However, given Plaintiff's special status as a *pro se*</u>
<u>civil rights litigant, I cannot, at this point in time, reach the same conclusion with regard to any</u>
<u>factual allegations against C.O. B. MacKenzie, Sgt. Bresett, and Captain Crawford, who</u>
<u>allegedly issued the referenced misbehavior report, conducted the referenced disciplinary</u>
<u>hearing, and imposed the referenced disciplinary sentence.</u>  <u>Accordingly, I cannot conclude that</u>
<u>Plaintiff's failure to allege such violations of 7 N.Y.C.R.R. § 254 by these three individuals was</u>
<u>a substantive deficiency, and not merely a formal one</u>.  For example, I note that Plaintiff's

complaints about the way his disciplinary hearing was conducted appear to have something to do

with an inability to challenge the testimony of an alleged confidential informant, and/or an

inability to call Inmate Brian Perez (96-A-1523) as a defense witness.[68]

    As a result, I recommend as follows: (1) Plaintiff's First Cause of Action should be

dismissed as against Defendant Barkley due to Plaintiff's failure to state a claim against him; and

(2) before Plaintiff's original Complaint is dismissed, Plaintiff should be granted a reasonable

period of time in which to file an Amended Complaint asserting his First Cause of Action (as

modified as set forth above) against C.O. B. MacKenzie, Sgt. Bresett, and/or Captain Crawford.

However, I note that, again, this Recommendation is in no way meant to indicate to those three

potential defendants that the Court would not entertain a motion by them (if they choose to file

one after service of Plaintiff's Amended Complaint) to dismiss Plaintiff's First Cause of Action

against them under either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure.

Furthermore, Plaintiff is advised that–to the extent he is basing his challenge to his disciplinary

conviction merely on the fact that the conviction resulted from allegedly false charges filed

---

[68]        (Dkt. No. 1 at ¶ 6 and Attachment [Plf.'s Compl.].)

against him by C.O. B. MacKenzie and Sgt. Bresett–such an allegation would be insufficient to state a claim under 42 U.S.C. § 1983.[69]

### C.      Plaintiff's Second Cause of Action

Defendant has also moved to dismiss Plaintiff's Complaint on the ground that Plaintiff has failed to establish that he suffered "cruel and unusual punishment" as a result of his disciplinary penalties.[70]   Plaintiff has failed to respond to that argument in his response papers.[71] I find that Defendant's argument is facially meritorious.[72]   Therefore, I find that, by failing to respond to Defendant's argument, Plaintiff has "consented" to that argument under Local Rule of Practice 7.1(b)(3).[73]   As a result, I find that Plaintiff's claims may and should be dismissed merely on procedural grounds.

Even if I were to reach the merits of Defendant's argument, I would reach the conclusion that his argument has merit.  Plaintiff's Complaint alleges that the "cruel and unusual punishment" he experienced consisted of his 90-day disciplinary sentence in SHU and his six-month loss of good-time credits and package, phone and commissary privileges.[74]   I fail to see

---

[69]      *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest;"rather the Constitution only guarantees that inmates will "not . . . be deprived of a protected liberty interest without due process of law." )

[70]      (Dkt. No.18, Part 2, at p. 5 [Def.'s Mem. of Law].)

[71]      (*See generally* Dkt. No. 21 [Plf.'s Response Papers].)

[72]      *See*, *supra*, note 44 of this Report-Recommendation.

[73]      *See*, *supra*, note 45 of this Report-Recommendation.

[74]      (Dkt. No. 1 at ¶ 6 and Attachment [Plf.'s Compl.].)

how Plaintiff's disciplinary sentence, as alleged, constituted "cruel and unusual punishment" for purposes of the Eighth Amendment; and, in the alternative, I fail to see how Defendant Barkley played any role in imposing such punishment.  <u>However, given Plaintiff's special status as a *pro se* civil rights litigant, I am unable to state, at this point in time, that I cannot imagine any facts, consistent with the allegations of Plaintiff's Complaint, under which such an Eighth Amendment claim *might* be stated against C.O. B. MacKenzie, Sgt. Bresett, and/or Captain Crawford (or other appropriate individuals), who allegedly issued the referenced misbehavior report, conducted the referenced disciplinary hearing, and imposed the referenced disciplinary sentence.</u>[75]  <u>Accordingly, I cannot conclude that Plaintiff's failure to allege facts indicating an Eighth Amendment violation by these three individuals was a substantive deficiency, and not merely a formal one.</u>

As a result, I recommend as follows: (1) Plaintiff's Second Cause of Action should be dismissed as against Defendant Barkley due to Plaintiff's failure to state a claim against him; and (2) before Plaintiff's original Complaint is dismissed, Plaintiff should be granted a reasonable period of time in which to file an Amended Complaint asserting his Second Cause of Action (as modified as set forth above) against C.O. B. MacKenzie, Sgt. Bresett, and/or Captain Crawford (or other appropriate individuals).  However, I note that, again, this Recommendation is in no way meant to indicate to those three potential defendants that the Court would not entertain a motion by them (if they choose to file one after service of Plaintiff's Amended Complaint) to

---

[75]      *See, e.g.*, *Thompson v. Carter*, 284 F.3d 411, 420 (2d Cir. 2002) (holding that *pro se* plaintiff should have been allowed to amend his complaint at least once before that complaint was dismissed, in order to give him an opportunity to sufficiently allege physical injury with regard to his Eighth Amendment claim).

20

dismiss Plaintiff's Second Cause of Action against them under either Rule 12(b)(6) or Rule 56 of

the Federal Rules of Civil Procedure.

### D.    Whether Plaintiff's Complaint Is Barred by the Principles Set Forth by the Supreme Court in *Heck v. Humphrey* and *Edwards v. Balisok*

Finally, Defendant has moved to dismiss Plaintiff's Complaint on the ground that the

principles set forth by the United States Supreme Court in the cases of *Heck v. Humphrey*, 512

U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), bar Plaintiff's action because a

judgment in his favor in this action would imply the invalidity of his prison disciplinary hearing,

conviction and/or sentence (and no evidence or factual allegations exist that those things had

been invalidated).[76]  Plaintiff has failed to respond to that argument in his response papers.[77]

Thus, Plaintiff may be deemed to have "consented" to that argument under Local Rule of

Practice 7.1(b)(3)[78]–as long as I find that Defendant's argument is facially meritorious.[79]

However, I have trouble making such a finding of meritoriousness about the *entirety* of

Defendant's argument under the circumstances.

Specifically, approximately six months after Defendant filed his brief in March of 2006,

the Second Circuit issued a decision partially undermining his argument.  In October of 2006, in

the case of *Peralta v. Vasquez*, the Second Circuit held that a prisoner would not be barred from

maintaining an action under 42 U.S.C. § 1983 challenging the *conditions of his confinement* if he

---

[76]    (Dkt. No.18, Part 2, at 5-7 [Def.'s Mem. of Law].)

[77]    (*See generally* Dkt. No. 21 [Plf.'s Response Papers].)

[78]    *See*, *supra*, note 45 of this Report-Recommendation.

[79]    *See*, *supra*, note 44 of this Report-Recommendation.

21

were to formally agree that he were willing to forever abandon any and all claims he has with respect to the *duration of his sentence* arising out of the proceeding he was challenging.[80]  Here, it is conceivable that Plaintiff might be willing to forever abandon any and all claims he has with respect to the deprivation of his good-time credits.  If he were to do so, he might, under *Peralta v. Vasquez*, proceed with his claims regarding the conditions of his confinement.

I note that among the remedies sought by Plaintiff is not merely nullification of his disciplinary penalty and restoration of his good-time credits but also monetary compensation for his losses.  Specifically, Plaintiff requests that the Court: (1) "nullify the decision [against him] and restore . . . [to him] whatever [good-time credits he] had . . . [before the] misapplication . . . [of] the disciplinary rules", (2) "compensate[] [him] for the loss that [he] incurred whil[e] being subject to this type of unlawful conduct", and (3) "notify the prison authorities that there is to be no retaliation [against Plaintiff] because of this [legal] action."[81]

As a result, I do not recommend dismissal of Plaintiff's Complaint based on this alternative ground at this time.  However, I do recommend that Plaintiff be ordered to (1) restrict the claims asserted in his Amended Complaint to those regarding the conditions of his confinement and (2) formally agree, in this action, to forever abandon any and all claims he has with respect to the deprivation of his good-time credits arising out of the disciplinary proceeding

---

[80]     *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006) (holding that, where plaintiff, in an action pursuant to § 1983, was challenging a disciplinary hearing that subjected him to confinement in SHU, and the loss of packages, commissary, telephone privileges, and good-time credits, he was not barred from proceeding with the portions of his action challenging the conditions of his confinement, so long as he was "*willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement*.") [emphasis in original].

[81]     (Dkt. No. 1 at ¶ 9 and Attachment [Plf.'s Compl.].)

<u>he is challenging, as a condition for his being permitted to proceed with his claims regarding the</u>

<u>conditions of his confinement.</u>

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 18) be **<u>GRANTED</u>** in part and **<u>DENIED</u>** in part, and that Plaintiff's motion to amend (Dkt. No. 20) be **<u>GRANTED</u>** in part and **<u>DENIED</u>** in part, as follows:

**(1)** Plaintiff's First Cause of Action (i.e., his Fourteenth Amendment claim) should be dismissed as against Defendant Barkley for the reasons stated above in this Report-Recommendation;

**(2)** Plaintiff should be granted an opportunity to file, within **<u>SIXTY (60) DAYS</u>** from the date of the final Order on Defendant's motion to dismiss, an **<u>AMENDED COMPLAINT</u>** that sufficiently alleges his First Cause of Action against Cape Vincent C.F. C.O. B. MacKenzie, Sgt. Bresett, and/or Captain Crawford;

**(3)** Plaintiff's Second Cause of Action (i.e., his Eighth Amendment claim) should be dismissed as against Defendant Barkley for the reasons stated above in this Report-Recommendation;

**(4)** Plaintiff should be granted an opportunity to file, within **<u>SIXTY (60) DAYS</u>** from the date of the final Order on Defendant's motion to dismiss, an **<u>AMENDED COMPLAINT</u>** that sufficiently alleges his Second Cause of Action against C.O. B. MacKenzie, Sgt. Bresett, Captain Crawford, and/or any other appropriate individuals; and

**(5)** Plaintiff's Amended Complaint should be restricted to asserting his claims regarding the conditions of his confinement; and he should, within **<u>SIXTY (60) DAYS</u>**

23

from the date of the final Order on Defendant's motion to dismiss, formally agree to forever **ABANDON AND WAIVE** any and all claims he has with respect to the deprivation of his good-time credits arising out of the disciplinary proceeding he is challenging, as a condition for his being permitted to proceed with his claims regarding the conditions of his confinement; and

**(6)** if, within the above-stated sixty-day period, Plaintiff fails to file a sufficient Amended Complaint, Plaintiff's entire Complaint (i.e., his First and Second Causes of Action) should be dismissed **WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 20, 2006
      Syracuse, New York

George H. Lowe
United States Magistrate Judge

24