UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

JOSE PENA,

                        **Plaintiff,**

            v.                                    9:04-CV-589
                                                            (FJS/GHL)

WARREN BARKLEY, Superintendent,
Cape Vincent Correctional Facility,

                        **Defendant.**
────────────────────────────────────────────

**APPEARANCES**                                 **OF COUNSEL**

**JOSE PENA**
**02-R-6289**
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **SENTA B. SIUDA, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      In a Report-Recommendation dated December 20, 2006, Magistrate Judge Lowe recommended that this Court grant Defendant's motion to dismiss all of Plaintiff's claims against him. He also recommended that the Court grant Plaintiff leave to amend his complaint to assert claims against C.O. B. MacKenzie, Sgt. Bresett, Captain Crawford, and/or any other appropriate individuals. Finally, Magistrate Judge Lowe recommended that the Court instruct Plaintiff that,

"as a condition for his being permitted to proceed with his claims regarding the conditions of his confinement," he must "formally agree to forever **ABANDON AND WAIVE** any and all claims he has with respect to the deprivation of his good-time credits arising out of the disciplinary proceeding he is challenging . . . ." *See* Dkt. No. 22 at 24. Plaintiff has filed a partial objection to these recommendations. *See, generally,* Dkt. No. 23. Specifically, Plaintiff contends that the Court should give him "the opportunity to fully [develop his allegations against Defendant] in his Amended Complaint." *See* Plaintiff's Objections at 3.[1]

The Court has reviewed the record in its entirety and agrees with Magistrate Judge Lowe that Plaintiff has failed to allege sufficient facts against Defendant pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (holding that "'[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests above the speculative level'" (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007))). Since Plaintiff makes no factual allegations against Defendant individually, Plaintiff does not properly state a claim against him.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lowe's December 20, 2006 Report-Recommendation is **ADOPTED IN ITS ENTIRETY for the reasons stated therein**; and the Court further

**ORDERS** that Plaintiff's motion for leave to amend his complaint to assert claims against

---

[1] Plaintiff does not object to Magistrate Judge Lowe's recommendations that the Court grant him leave to file an amended complaint or that the Court require him to agree to abandon and waive for all times any and all claims he has with regard to the loss of his good-time credits arising out of the disciplinary proceeding he is challenging. The Court finds that Magistrate Judge Lowe's recommendations with regard to these issues is legally correct and, therefore, adopts those recommendations.

C.O. B. MacKenzie, Sgt. Bresett, Captain Crawford, and/or any other appropriate individuals is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion to dismiss the claims against him is **GRANTED**; and the Court further

**ORDERS** that, if he wishes to avoid dismissal of this action, Plaintiff shall file and serve his amended complaint **within sixty (60) days** of the filing date of this Order; and the Court further

**ORDERS** that any such amended complaint, **which shall supersede and replace in its entirety Plaintiff's original complaint**, shall be "short and plain" as Rules 8 and 10 of the Federal Rules of Civil Procedure require and must contain a caption that identifies each individual whom Plaintiff is suing in the present lawsuit. The body of the amended complaint must state the basis for this Court's jurisdiction over Plaintiff's claims and contain sequentially numbered paragraphs containing only one claim or factual allegation per paragraph. Plaintiff shall set forth a short and plain statement of the alleged wrongdoing or misconduct that he alleges each Defendant committed, the date on which the complained-of conduct occurred, and the nexus between that conduct and Plaintiff's constitutional and statutory rights in order that the Court can properly assess the sufficiency of his claims; and the Court further

**ORDERS** that, **within sixty (60) days** from the filing date of this Order, Plaintiff shall advise the Court and opposing counsel in writing that he agrees to **ABANDON AND WAIVE** forever any and all claims he has with respect to the deprivation of his good-time credits arising out of the disciplinary proceeding he is challenging as a condition for his being permitted to proceed with his claims regarding the conditions of his confinement; and the Court further

**ORDERS** that, if Plaintiff fails to file and serve his statement "abandoning and waiving" for all times any claims he has concerning the loss of his good-time credits and/or he fails to file and serve his amended complaint **within sixty (60) days** from the filing date of this Order, the Clerk of the Court shall enter judgment dismissing this action without further Order of this Court due to Plaintiff's failure to comply fully with the terms of this Order; and the Court further

**ORDERS** that, upon the filing of Plaintiff's amended complaint **and** the required statement, the Clerk of the Court shall return the file in this matter to the Court for further review.

**IT IS SO ORDERED.**

Dated: March 30, 2008
       Syracuse, New York

                                           Frederick J. Scullin, Jr.
                                           Senior United States District Court Judge